UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALLON ROBERTS,
Plaintiff,

Case No. 1:15-cv-697
Black, J.
Litkovitz, M.J.

vs.

JUDGE MELBA D. MARSH,
et al.,
Defendants.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's motion to reconsider or alter/amend the Court's Order dated November 16, 2015 (Doc. 8) and plaintiff's motion to appoint counsel (Doc. 9). Plaintiff moves the Court to reconsider its Order adopting the undersigned's Report and Recommendation that the complaint be dismissed for failure to state a claim upon which relief can be granted on the grounds: (1) the statute of limitations had run with respect to plaintiff's claims, and (2) the defendant judges are afforded absolute immunity from liability for damages for acts committed while functioning within their judicial capacity. (Docs. 4, 6). The District Judge dismissed plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and terminated this matter on the docket of the Court. (Doc. 6). Plaintiff moves the Court to reconsider its ruling on the ground he has obtained newly discovered evidence. (Doc. 8).

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A motion to alter or amend should not be used to re-litigate issues previously considered. *American Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003). A Rule 59(e) motion may be granted where: (1) an intervening change

in the controlling law has occurred; (2) evidence not previously available has become available; (3) there has been a clear error of law; or (4) it is necessary to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *Id.* Relief under Rule 59(e) is "an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *U.S. ex rel. Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.,* 179 F.R.D. 541, 547 (S.D. Ohio 1998), *aff'd sub nom. Am. Textile Mfrs. Inst., Inc. v. The Ltd., Inc.,* 190 F.3d 729 (6th Cir. 1999) (citations omitted).

Plaintiff has not shown there is a valid reason for the Court to reconsider its Order dismissing his complaint. Plaintiff alleges there is newly discovered evidence, but he has not shown that the evidence was previously unavailable. Nor is there any indication that the documentation he references is material to his claims. Extraordinary circumstances that would warrant altering or amending the Court's final judgment do not exist.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to reconsider or alter/amend judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 8) be **DENIED**.

2. Plaintiff's motion for appointment of counsel (Doc. 9) be **DENIED** as moot.

Date: 2/8/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALLON ROBERTS,
    Plaintiff,

Case No. 1:15-cv-697
Black, J.
Litkovitz, M.J.

vs.

JUDGE MELBA D. MARSH,
et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).