UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALLON ROBERTS,
Plaintiff,

vs.

JUDGE MELBA D. MARSH,
et al.,
Defendants.

Case No. 1:15-cv-697
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's "Motion to Reopen Plaintiff's Complaint." (Doc. 13). Plaintiff alleges that the case should be reopened because the Court purportedly has not ruled on several pending matters. Because final judgment has been entered and this case has been terminated on the Court's docket (Docs. 6, 7), plaintiff's motion is properly construed as a motion for relief from a final judgment pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) provides for relief from a final judgment for specified reasons which include "mistake," "inadvertence," and "excusable neglect." Fed. R. Civ. P. 60(b)(1). In deciding whether to grant relief under Rule 60(b)(1), the Court considers "(1) culpability-that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457-58 (6th Cir. 2011) (quoting *Gumble v. Waterford Twp.*, 171 F. App'x 502, 506 (6th Cir. 2006)). In addition to the grounds enumerated under Rule 60(b)(1), the Court can grant relief from a final judgment under Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]elief under Rule 60(b) is

'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

Plaintiff moves the Court to reopen the case because he alleges the Court has not ruled on the following matters: plaintiff's objections to the undersigned's October 29, 2015 Report and Recommendation (Doc. 4), which plaintiff filed on November 12, 2015 (Doc. 5); plaintiff's motion to alter/amend judgment under Fed. R. Civ. P. 59(e) filed on November 25, 2015 (Doc. 8); a motion for extension of time that plaintiff purportedly filed on February 16, 2016; and objections to the undersigned's Report and Recommendation that plaintiff mailed to the Court on or about February 29, 2016 (Doc. 12).

Contrary to plaintiff's allegations, the Court ruled on his first set of objections, which were timely filed. (Doc. 5). On November 16, 2015, the District Judge issued an Order overruling those objections and adopting the Magistrate Judge's Report and Recommendation. (Doc. 6). The Court also ruled on plaintiff's motion to alter/amend judgment. (Doc. 8). The undersigned issued a Report and Recommendation on February 8, 2016, recommending that plaintiff's motion be denied. (Doc. 11). Although plaintiff alleges he requested an extension of time to file objections to the Report and Recommendation on February 16, 2016, extending the filing date to March 8, 2016, there is no motion for an extension of time listed on the docket sheet and no indication that an extension was granted. On February 29, 2016, the District Judge issued an Order noting that no objections had been filed and adopting the Report and Recommendation. (Doc. 11). Plaintiff subsequently filed objections to the Report and

2

Recommendation on March 2, 2016. (Doc. 12). However, this was after the filing deadline of February 25, 2016, had passed.

The procedural history of this litigation shows there is no valid reason for the Court to reopen the case and grant relief from the final judgment. The only matter that has not been addressed by the Court is plaintiff's set of objections to the Report and Recommendation on his motion to alter/amend judgment, which plaintiff did not file in a timely manner. Plaintiff has not demonstrated "excusable neglect" with respect to his delay in filing his objections. Fed. R. Civ. P. 60(b)(1). Nor has plaintiff shown "any other reason that justifies relief" from the Court's final judgment dismissing the complaint. Fed. R. Civ. P. 60(b)(6).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for relief pursuant to Fed. R. Civ. P. 60(b) (Doc. 13) be **DENIED**.

Date: 5/16/16

Karen L. Litkovitz
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALLON ROBERTS,
    Plaintiff,

Case No. 1:15-cv-697
Black, J.
Litkovitz, M.J.

vs.

JUDGE MELBA D. MARSH,
et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).